IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DYNISHA HOLMES, Individually and on**     **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.     No. 1:22-cv-3378

**DIZA TACOS STREETERVILLE, LLC**     **DEFENDANT**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

Plaintiff Dynisha Holmes ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorney Josh Sanford of Sanford Law Firm, PLLC, for her Original Complaint—Collective Action ("Complaint") against Defendant Diza Tacos Streeterville, LLC ("Defendant"), states and alleges as follows:

### I. PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the overtime provisions of the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL"), the payment provisions of the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq.* ("IWPCA"), and overtime provisions of the Chicago Minimum Wage and Paid Sick Leave Ordinance, § 1-24-010, *et seq.* ("Chicago Wage Ordinance").

2. Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of

Defendant's policy and practice of failing to pay proper overtime compensation under the FLSA, the IMWL, the IWPCA and the Chicago Wage Ordinance.

## II. JURISDICTION AND VENUE

3. The United States District Court for the Northern District of Illinois has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. This Complaint also alleges IMWL, IWPCA and Chicago Wage Ordinance violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's IMWL, IWPCA and Chicago Wage Ordinance claims pursuant to 28 U.S.C. § 1367(a).

5. The acts complained of herein were committed and had their principal effect against Plaintiff within the Eastern Division of the Northern District of Illinois; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

6. Plaintiff is an individual and resident of Cook County.

7. Defendant is a domestic limited liability company.

8. Defendant's registered agent for service of process is Michael J. Boxerman at 20 North Clark Street, Suite 2500, Chicago, Illinois 60602.

## IV. FACTUAL ALLEGATIONS

9. Defendant acted as the employer of Plaintiff and is and has been engaged in interstate commerce as that term is defined under the FLSA.

10. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in

interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as food and beverage supplies and equipment.

11. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

12. Defendant employed Plaintiff from approximately June of 2019 until December of 2019, and against for one week in 2021.

13. At all times relevant herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, the IMWL, the IWPCA and the Chicago Wage Ordinance.

14. Defendant employed Plaintiff as an hourly "Crew Member."

15. Defendant also employed other hourly Crew Members in the three years preceding the filing of this lawsuit.

16. At all relevant times herein, Defendant directly hired Plaintiff and other Crew Members to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

17. Plaintiff's primary duties were to assist customers, prepare food and operate the cash register.

18. Other Crew Members had the same or similar duties as Plaintiff.

19. Plaintiff and other hourly Crew Members did not have the authority to hire or fire any other employee, nor were their recommendations as to hiring or firing given particular weight.

20. Plaintiff and other hourly Crew Members did not manage the enterprise or a customarily recognized department or subdivision of the enterprise.

21. Plaintiff and other hourly Crew Members did not regularly direct the work of two or more other employees.

22. The duties of Plaintiff and other Crew Members were rote and routine, and they sought input from supervisors when their duties were not rote or routine.

23. Plaintiff regularly worked over forty hours per week.

24. Upon information and belief, other Crew Members had similar schedules as Plaintiff and also regularly or occasionally worked over forty hours per week.

25. Defendant did not pay Plaintiff and other Crew Members 1.5x their regular rate of pay for all hours worked over 40 per week.

26. Specifically, Defendant paid Plaintiff and other Crew Members their regular rate for hours worked over 40 in a week, but Defendant did not pay an overtime premium for hours worked over 40 in a week.

27. Plaintiff and other Crew Members tracked their time via Defendant's electronic timekeeping system.

28. Defendant knew or should have known that Plaintiff and other Crew Members worked over 40 hours in at least some weeks.

29. Plaintiff incurred damages in every week in which she worked hours over forty.

30. Specifically but without limitation, Plaintiff worked hours over 40, and therefore incurred damages, in each of the following weeks: October 28, 2019; November 4, 2019; and November 11, 2019.

31. Defendant knew or showed reckless disregard for whether the way it paid, and failed to pay, Plaintiff and other Crew Members violated the FLSA, the IMWL, the IWPCA and the Chicago Wage Ordinance.

### IV. REPRESENTATIVE ACTION ALLEGATIONS

32. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated who were, are, or will be paid wages by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

33. Overtime premiums for all hours worked over forty in any week;

34. Liquidated damages; and

35. Attorneys' fees and costs.

36. Plaintiff proposes the following collective under the FLSA:

> **All hourly Crew Members who worked over 40 hours in any week within the last three years.**

37. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

38. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

39. The members of the proposed FLSA collective are similarly situated in that they share these traits:

A. They worked over forty hours in at least one week within the three years preceding the filing of this lawsuit;

B. They were not paid an overtime premium for hours worked over 40 in a week; and

C. They had the same or substantially similar job duties and requirements;

40. Plaintiff is unable to state the exact number of the collective but believes that the collective exceeds 50 individuals.

41. Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

42. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

43. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## V. FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

44. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq*.

45. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

46. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular

wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

47. Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

48. Despite Plaintiff's entitlement to overtime wages, Defendant failed to pay Plaintiff a sufficient overtime premium for all hours worked over forty each week.

49. Defendant knew or should have known that its actions violated the FLSA.

50. Defendant's conduct and practices, as described above, were willful.

51. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

52. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

53. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### VI. SECOND CLAIM FOR RELIEF
(Collective Action Claim for Violation of the FLSA)

54. Plaintiff, individually and on behalf of others similarly situated, asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

55. Plaintiff brings this action on behalf of all other similarly situated individuals to recover monetary damages owed by Defendant to Plaintiff and members of the putative collective for unpaid overtime compensation for all the hours they worked in excess of forty each week.

56. Plaintiff brings this action on behalf of herself and all others similarly situated who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

57. 29 U.S.C. § 207 requires employers to pay each employee 1.5x the employee's regular rate for all hours that the employee works in excess of 40 per week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

58. Defendant misclassified Plaintiff and other similarly situated employees as independent contractors and as exempt from the overtime requirements of the FLSA.

59. Defendant failed to pay Plaintiff and other similarly situated employees at the proper overtime rate for all hours worked in excess of forty hours in a week, despite their entitlement thereto.

60. Defendant's conduct and practices, as described above, have been and are willful, intentional, unreasonable, arbitrary and in bad faith.

61. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

62. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff

and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VII. THIRD CLAIM FOR RELIEF
### (Individual Claim for Violation of the IMWL)

63. Plaintiff asserts this claim for damages and declaratory relief pursuant to the IMWL, 820 ILCS 105/1, *et seq.*

64. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the IMWL, 820 ILCS 105/3.

65. IMWL, 820 ILCS 105/4a(1) requires employers to pay all employees 1.5x regular wages for all hours worked over 40 hours in a week, unless an employee meets the exemption requirements of 820 ILCS 104/4a(2).

66. Defendant failed to pay Plaintiff a sufficient overtime premium for all hours worked over forty each week.

67. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

68. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff for monetary damages, liquidated damages, damages of 5% of the amount of underpayment for each month following the date of payment during which such underpayments remain unpaid, costs, and a reasonable attorney's fee provided by the IMWL for all violations which occurred within the three years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling. 820 ILCS 105/12.

69. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the IMWL, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VIII. FOURTH CLAIM FOR RELIEF
### (Individual Claim for Violation of the IWPCA)

70. Plaintiff asserts this claim for damages and declaratory relief pursuant to the IWPCA, 820 ILCS 115/1, *et seq.*

71. At all times relevant herein, Defendant was the "employer" of Plaintiff within the meaning of the IWPCA.

72. At all times relevant herein, Plaintiff was the "employee" of Defendant within the meaning of the IWPCA.

73. Section 4 of the IWPCA states that "[a]ll wages earned by any employee during a semi-monthly or bi-weekly pay period shall be paid to such employee not later than 13 days after the end of the pay period in which such wages were earned." 820 ILCS 115/4.

74. Section 2 of the IWPCA defines "final compensation" as "[p]ayments to separated employees" for "wages . . . and any other compensation owed the employee by the employer pursuant to an employment contract or agreement between the two parties." 820 ILCS 115/2.

75. Section 5 of the IWPCA states, "Every employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee." 820 ILCS 115/5.

76. Defendant did not pay Plaintiff all wages and final compensation due.

77. Section 14 of the IWPCA states, "Any employee not timely paid wages, final compensation, or wage supplements by his or her employer as required by this Act shall be entitled to recover . . . the amount of any such underpayments and damages of 2% of

the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid. In a civil action, such employee shall also recover costs and all reasonable attorney's fees." 820 ILCS 115/14.

78. Defendant knew or should have known that its actions violated the IWPCA.

79. Plaintiff is entitled to recover an award of unpaid wages and liquidated damages as provided for by the IWPCA, for a reasonable attorney's fee and costs.

### IX. FIFTH CLAIM FOR RELIEF
(Individual Claim for Violation of the Chicago Wage Ordinance)

80. Plaintiff asserts this claim for damages and declaratory relief pursuant to the Chicago Wage Ordinance.

81. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the Chicago Wage Ordinance, § 1-24-010.

82. At all relevant times, Plaintiff was Defendant's "employee" within the meaning of the Chicago Wage Ordinance, § 1-24-010.

83. The Chicago Wage Ordinance requires employers to pay all employees 1.5x regular wages for all hours worked over 40 hours in a week, unless an employee meets the exemption requirements of 820 ILCS 104/4a(2).

84. Defendant failed to pay Plaintiff a sufficient overtime premium for all hours worked over forty each week.

85. The Chicago Wage Ordinance states that any employer who violates its provisions is liable to the employee for three times the amount of any underpayment, together with a reasonable attorney's fee and costs.

86. Plaintiff is entitled to recover an award of unpaid wages and liquidated damages as provided for by the ordinance, for a reasonable attorney's fee and costs.

## X. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Dynisha Holmes, individually and on behalf of all others similarly situated, respectfully prays that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the IMWL, the IWPCA, the Chicago Wage Ordinance and their related regulations;

B. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C. Judgment for damages suffered by Plaintiff and others similarly situated for all unpaid overtime wages under the FLSA, the IMWL, the IWPCA, the Chicago Wage Ordinance and their related regulations;

D. Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA, the IMWL, the IWPCA, the Chicago Wage Ordinance and their related regulations;

E. An order directing Defendant to pay Plaintiff and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**DYNISHA HOLMES, Individually
and on Behalf of All Others
Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com