IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DYNISHA HOLMES, Individually and on**     **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.             No. 1:22-cv-3378-SLE

**DIZA TACOS STREETERVILLS, LLC**             **DEFENDANT**

**RESPONSE TO MOTION TO COMPEL ARBITRATION**

## I. INTRODUCTION

Defendant's Motion to Compel Arbitration (ECF No. 16) must be denied because the "agreement" Defendant seeks to enforce against Plaintiff is unenforceable under Illinois law. The terms of the Mandatory Arbitration Agreement and Class Action Waiver are wholly one-sided in Defendant's favor in that the entirety of the financial burden in seeking a resolution of Plaintiff's claims falls exclusively on Plaintiff. Moreover, the terms of the agreement fail to account for the underlying purposes inherent in the statutory provisions under which Plaintiff's dispute arose. Accordingly, the Agreement is unconscionable and unenforceable.

## II. LEGAL STANDARDS

The Federal Arbitration Act provides that arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *Janiga v. Questar Cap. Corp.*, 615 F.3d 735, 740 (7th Cir. 2010) (quoting 9 U.S.C. § 2). Courts in the Seventh Circuit should grant a motion to compel arbitration when the moving party can prove the existence of: 1) a written

Page 1 of 14
Dynisha Holmes, et al. v. Diza Tacos Streeterville, LLC
U.S.D.C. (N.D. Ill.) No. 1:22-cv-3378-SLE
Response to Motion to Compel Arbitration

agreement to arbitrate; 2) a dispute with the scope of the agreement; and 3) a refusal to arbitrate. *Zurich Am. Ins. Co. v. Watts Indus., Inc.*, 417 F.3d 682, 687 (7th Cir. 2005) (citing 9 U.S.C. § 4).

Whether a contract exists is the purview of the "judiciary rather than an arbitrator." *Sphere Drake Ins. Ltd. v. All Am. Ins. Co.*, 256 F.3d 587, 591 (7th Cir. 2001).[1] The existence of an agreement is "a threshold issue a court must decide early." *United States ex rel. Spirtas Worldwide, LLC v. SGLC Consulting LLC*, No. 3:21-CV-182-MAB, 2022 U.S. Dist. LEXIS 105589, at *7-8 (S.D. Ill. June 13, 2022) (citing *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002); *Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 530 (2019); *Biermann v. Comcast Cable Commc'ns Mgmt., LLC*, No. 20 C 2986, 2020 U.S. Dist. LEXIS 218461 (N.D. Ill. Nov. 23, 2020)).

Upon a motion to compel, the moving party bears the burden to prove an agreement to arbitrate exists. *Giuliano v. Sci. Games Corp.*, No. 20-cv-05262, 2022 U.S. Dist. LEXIS 90238, at *6 (N.D. Ill. May 19, 2022) (citing 9 U.S.C. § 4; *A.D. v. Credit One Bank, N.A.*, 885 F.3d 1054, 1063 (7th Cir. 2018)). Then, assuming that burden is met, the burden shifts to the nonmoving party to "identify[] a triable issue of fact as to whether the parties entered into an agreement in the first place." *Id*. at *6 (citing *Tinder v. Pinkerton Sec.*, 305 F.3d 728, 735 (7th Cir. 2002)). This burden is akin to that of a party resisting summary judgment—the nonmoving party "cannot avoid arbitration by denying the facts on 'which the right to arbitration rests; the party must identify specific evidence in the

---

[1] Defendant's Agreement contains a stating, "The arbitrator alone is allowed to decide whether this agreement is conscionable under state law." A delegation clause such as this is enforceable unless, as here, a party challenges the enforceability or validity of the arbitration provision itself. *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 69–70 (2010). In that case, the court must address the "gateway" questions of arbitrability, enforceability, or unconscionability before enforcing the agreement. *Id*.

**Page 2 of 14**
**Dynisha Holmes, et al. v. Diza Tacos Streeterville, LLC**
**U.S.D.C. (N.D. Ill.) No. 1:22-cv-3378-SLE**
**Response to Motion to Compel Arbitration**

record demonstrating a material factual dispute for trial.'" *Id*. at *6–7 (quoting *Tinder*, 305 F.3d at 735). On review, the court views the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in its favor. *Id*.

### III.　ARGUMENT

The Court must deny Defendant's Motion because Defendant has failed to produce an enforceable agreement with Plaintiff. The "Mandatory Arbitration Agreement and Class Action Waiver" (the "Agreement") that Defendant seeks to enforce is both substantively and procedurally unconscionable, either of which courts have long recognized as reasons to disregard arbitration clauses. Because Defendant cannot produce evidence of an enforceable agreement to arbitrate, its Motion to Compel Arbitration must be denied.

**A.　Whether the Agreement is enforceable is determined using Illinois State Law.**

Whether the parties have entered into an enforceable agreement to arbitrate is "governed by state law principles governing contract formation." *Cont'l Cas. Co. v. Am. Nat'l Ins. Co.*, 417 F.3d 727, 730 (7th Cir. 2005) (citing *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995); *Reliance Ins. Co. v. Raybestos Prods. Co.*, 382 F.3d 676, 678–79 (7th Cir. 2004)). "[A]n arbitration agreement 'may be invalidated by a state law contract defense of general applicability, such as fraud, duress, or unconscionability.'" *Bain v. Airoom, LLC*, 2022 IL App (1st) 211001, ¶ 21, 2022 Ill. App. LEXIS 241, at *11 (quoting *Carter v. SSC Odin Operating Co.*, 2012 IL 113204, ¶ 18, 976 N.E.2d 344). Under Illinois law, "[a] finding of unconscionability may be based on either procedural or substantive unconscionability, or a combination of both." *Kinkel v. Cingular Wireless, LLC*, 223 Ill. 2d 1, 21, 306 Ill. Dec. 157, 170, 857 N.E.2d 250, 263 (2006) (citing *Razor v. Hyundai Motor Am.*, 222 Ill. 2d 75, 99, 854 N.E.2d 607, 622 (2006)).

Page 3 of 14
Dynisha Holmes, et al. v. Diza Tacos Streeterville, LLC
U.S.D.C. (N.D. Ill.) No. 1:22-cv-3378-SLE
Response to Motion to Compel Arbitration

Procedural unconscionability refers to the appearance of the contract, and "refers to a situation where a term is so difficult to find, read or understand that the plaintiff cannot fairly be said to have been aware he was agreeing to it." *Razor*, 222 Ill. 2d at 100, 854 N.E.2d at 622 (citing *Frank's Maint. & Eng'g, Inc. v. C. A. Roberts Co.*, 86 Ill. App. 3d 980, 989, 408 N.E.2d 403, 409 (1980)). In determining whether a contract term is procedurally unconscionable, a court must consider "all of the circumstances surrounding the transaction," which includes whether both parties had the opportunity to understand the terms, any "disparity of bargaining power between the drafter of the contract and the party claiming unconscionability," and whether significant terms are "hidden in a maze of fine print." *Bain v. Airoom, LLC*, 2022 IL App (1st) 211001, ¶¶ 23-24, 2022 Ill. App. LEXIS 241, at *12 (quoting *Kinkel*, 223 Ill. 2d. at 22–24, 857 N.E.2d at 264–65).

By contrast, "[s]ubstantive unconscionability concerns the actual terms of the contract and examines the relative fairness of the obligations assumed." *Bain*, 2022 IL App (1st) 211001, ¶ 25, 2022 Ill. App. LEXIS 241, at *13 (quoting *Kinkel*, 223 Ill. 2d at 28, 857 N.E.2d at 267). Substantive unconscionability may be found when a term is "so one-sided as to oppress or unfairly surprise an innocent party," there is "an overall imbalance in the obligations and rights imposed by the bargain," or a there is a "significant cost-price disparity." *Id*. at ¶ 25 (quoting *Kinkel*, 223 Ill. 2d at 28, 857 N.E.2d at 267).

**B.     The Agreement is substantively unconscionable and unenforceable.**

The Court should deny Defendant's Motion because the Agreement is so wholly one-sided in Defendant's favor that it is substantively unconscionable. By the terms of the Agreement, Plaintiff would be required to pay an initial filing fee that is, at minimum, more than twice the cost of filing a complaint in this Court and more than three times the cost

Page 4 of 14
Dynisha Holmes, et al. v. Diza Tacos Streeterville, LLC
U.S.D.C. (N.D. Ill.) No. 1:22-cv-3378-SLE
Response to Motion to Compel Arbitration

of initiating arbitration proceedings under more reasonable arbitration rules. In contrast, Defendant is not required to pay any up-front costs. Likewise, the Agreement mandates that the party that loses in arbitration is required to pay the other's attorney fees and costs, which runs counter to the purposes of the statutory provisions under which Plaintiff brings her claims. Accordingly, the Agreement is wholly unenforceable because it is unconscionable.

1. *The Agreement requires the parties to use AAA commercial rules.*

Because the American Arbitration Association (AAA) arbitrates a vast variety of claim types, it has created an internal structure in which it applies different rules to different claims. Accordingly, the AAA recognizes the inherent power imbalance between an employee and employer and has protocols specifically designed to assist in the speedy and fair resolution of employment claims.[2] Recognizing that employees asserting claims against employers generally do not have the same resources as their employers, the AAA restricts the individual employees' financial burden both by reducing the filing fee for the individual and requiring the employer to pay additional costs.[3]

The Agreement at issue in this case fails to make use of these convenient and *apropos* rules and instead mandates arbitration "before the [AAA] under the AAA *commercial* rules." Agreement, ECF No. 16-1 (emphasis added). The AAA commercial rules are intended to apply to claims between businesses.[4] Due to the inherent complexity of these claims, the filing fee and associated costs are not only significantly higher, the

---

[2] *See* https://www.adr.org/employment (last visited Oct. 4, 2022).
[3] *Id*. ("Under the Employment/Workplace Fee Schedule, the employee's or individual's fee is capped at $300, unless the clause provides that the employee or individual pay less. The employer or company pays the arbitrator's compensation unless the employee or individual, post dispute, voluntarily elects to pay a portion of the arbitrator's compensation.").
[4] *See* https://www.adr.org/commercial (last visited Oct. 4, 2022).

**Page 5 of 14**
**Dynisha Holmes, et al. v. Diza Tacos Streeterville, LLC**
**U.S.D.C. (N.D. Ill.) No. 1:22-cv-3378-SLE**
**Response to Motion to Compel Arbitration**

initial cost is borne exclusively by whoever files the claim.[5] Thus, because the Agreement mandates the use of AAA commercial rules, Plaintiff will be required to out-of-pocket three times the expected expense in order to file her claim while Defendant does not have to pay at all.

Defendant's requirement that Plaintiff arbitrate under the AAA commercial rules rather than the employment rules results in a significant cost-price disparity between not only Plaintiff and Defendant, but between what Plaintiff would be required to pay under the terms of the contract and what she would be expected to pay had Defendant used the reasonable and expected employment arbitration rules. This disparity is particularly galling in this type of situation in which one party is offered a contract on a "take it or leave it" basis with no recourse for altering the agreement or negotiating friendlier terms.

In *Bain v. Airoom*, the Illinois Court of Appeals found substantive unconscionability in a similar agreement. 2022 IL App (1st) 211001, 2022 Ill. App. LEXIS 241. The *Bain* plaintiff, a residential homeowner, hired the defendant, a contractor, to remodel portions of her home. *Id.* As part of the agreement between the parties, the defendant required the plaintiff to submit all disagreements to arbitration using the AAA construction industry rules rather than the more individual-friendly home construction rules. *Id*. at ¶ 42, 2022 Ill. App. LEXIS 241, at *20. In striking the provision as unconscionable, the court noted that the arbitration rules selected in the agreement "are plainly ill-suited and unnecessarily costly," particularly when "[t]he AAA has another set of rules . . . specifically designed to

---

[5] See https://www.adr.org/sites/default/files/Commercial_Arbitration_Fee_Schedule_1.pdf (last visited Oct. 4, 2022) (providing that the lowest filing fee, which is for claims of less than $75,000, is $925 and that "The Initial Filing Fee is payable in full by a filing party when a claim, counterclaim, or additional claim is filed.").

Page 6 of 14
Dynisha Holmes, et al. v. Diza Tacos Streeterville, LLC
U.S.D.C. (N.D. Ill.) No. 1:22-cv-3378-SLE
Response to Motion to Compel Arbitration

make the resolution of home remodeling disputes streamlined and affordable for both parties." *Id*. The court particularly noted that "[t]he existence of [the home construction] rules is not disclosed in Airoom's contract." *Id*.

Like here, under the AAA rules stated in the unconscionable contract, the *Bain* plaintiff would have been required to pay significantly higher fees and costs even to bring her claims to arbitration. *Id*. at ¶ 44, 2022 Ill. App. LEXIS 241, at *21–22. Like employment claims, under the home construction rules, the contractor is required to pay a higher portion of the fees and costs associated with the arbitration while under the construction industry rules the filer bore the heavier financial burden. *Id*. Notably, the fact that the Bain plaintiff was able to have her filing fee waived by the AAA was deemed irrelevant because the Illinois Supreme Court "has made clear that substantive unconscionability concerns the '*actual terms* of the contract' . . . and 'the relative fairness of the obligations assumed' in those terms." *Id*. at ¶ 45, 2022 Ill. App. LEXIS 241, at 22 (quoting *Kinkel*, 223 Ill. 2d at 28, 857 N.E.2d at 267). Like in *Bain*, the imposition of the AAA commercial rules on Plaintiff's dispute will result in an unconscionable, one-sided cost disparity between Plaintiff's and Defendant's obligations.

2. *The Agreement contains an unlawful fee-shifting provision.*

Aside from the Agreement's mandate regarding unfair and unreasonable arbitration rules, the Agreement is further unconscionable in that it requires the losing party to pay the fees and costs of the prevailing party. Agreement, ECF No. 16-1. The purposes of both the FLSA and the IWPCA, under which Plaintiff brings her claims, is to "protect workers and encourage harmed workers to pursue claims against their employers and avail themselves of the remedies of the statute." *Brne v. Inspired eLearning*, No. 17-

Page 7 of 14
Dynisha Holmes, et al. v. Diza Tacos Streeterville, LLC
U.S.D.C. (N.D. Ill.) No. 1:22-cv-3378-SLE
Response to Motion to Compel Arbitration

CV-02712, 2017 U.S. Dist. LEXIS 156943, at *15 (N.D. Ill. Sep. 26, 2017). Accordingly, both statutory schemes provide that plaintiffs who prevail in civil actions against their employers shall receive a reasonable attorney's fee and costs. *See* 29 U.S.C. § 216(b); 820 ILCS 115/14(a). "[T]his provision serves to encourage potential claimants, and their counsel, to pursue potential claims against their employers, even for relatively small damages, because if they prevail they will receive attorney's fees." *Brne*, 2017 U.S. Dist. LEXIS 156943, at *15. Notably, neither provision provides the opposite—an employee who sues under the FLSA or IWPCA may be liable for the employer's costs under very specific and limited circumstances but is never required to pay the employer's attorney's fees. *See, e.g.*, *Lochridge v. Lindsey Mgmt. Co.*, 824 F.3d 780, 782 (8th Cir. 2016) (noting attorney's fees are not available to prevailing defendants in FLSA cases).

The Agreement's term requiring Plaintiff to pay Defendant's attorney's fees and costs should she lose at arbitration is substantively unconscionable because it is inconsistent with the purpose of both statutory bodies underlying Plaintiff's claims. Plaintiffs do not forgo their substantive rights under the statutes under which they file a claim when they agree to arbitrate. *Brne*, 2017 U.S. Dist. LEXIS 156943, at *15 (citing *Sec. Serv. Fed. Credit Union v. Sanders*, 264 S.W.3d 292, 300 (Tex. App. 2008)). Courts regularly find attorney fee-shifting waivers unconscionable when those terms contradict attorney's fee-shifting provisions that are "essential to the purpose of the statute in question." *Id*. at *13–14 (citing *Spinetti v. Serv. Corp. Int'l*, 324 F.3d 212, 216 (3d Cir. 2003) (upholding a district court finding that a contract term requiring each party to pay its own attorney's fees regardless of the outcome "runs counter to statutory provisions under Title VII and ADEA that permit an award of attorney's fees and costs to a prevailing

Page 8 of 14
Dynisha Holmes, et al. v. Diza Tacos Streeterville, LLC
U.S.D.C. (N.D. Ill.) No. 1:22-cv-3378-SLE
Response to Motion to Compel Arbitration

party."); *Graham Oil Co. v. ARCO Prods. Co., a Div. of Atl. Richfield Co.*, 43 F.3d 1244, 1247-48 (9th Cir. 1994), *as amended* (Mar. 13, 1995) (severing an arbitration clause because it provided that the parties would share attorney's fees and specifically forfeited the plaintiff's statutorily-mandated right to recover those fees); *Safranek v. Copart, Inc.*, 379 F. Supp. 2d 927, 931 (N.D. Ill. 2005) (severing an arbitration provision that required each party to pay its own attorney's fees, which conflicted with Title VII's attorney fee-shifting requirement)).[6]

Because the Agreement negates the underlying purposes of the statutes covering the claims, the term requiring Plaintiff to pay Defendant's costs and fees if she were to lose is clearly unconscionable (particularly in light of the fact that these costs would be significantly higher under the Agreement-mandated AAA commercial rules).

The Agreement terms a) requiring Plaintiff to arbitrate under the AAA commercial rules, and b) requiring Plaintiff to pay Defendant's fees and costs if she loses, are plainly unconscionable not only due to the disparity of financial obligations and the one-sided refusal to engage in the arbitration rules designed for this dispute, but also because they are in direct conflict with the underlying purposes of both the FLSA and the IWPCA.

**C.     The Agreement is procedurally unconscionable and unenforceable.**

Even if this Court finds that the terms described above are not substantively unconscionable, Defendant's Motion must still be denied because it is also procedurally unconscionable.

---

[6] *See also See McCaskill v. SCI Management Corp., SCI*, 298 F.3d 677, 685 (7th Cir. 2001) (Rovner, J., concurring); *Morrison v. Circuit City Stores, Inc.*, 317 F.3d 646, 673, n.15 (6th Cir. 2003); *Graham Oil Co. v. ARCO Products, Co., a Div. Of Atlantic Richfield Co.*, 43 F.3d 1244 (9th Cir. 1994); *Hadnot v. Bay, Ltd.*, 344 F.3d 474 (5th Cir. 2003).

Page 9 of 14
**Dynisha Holmes, et al. v. Diza Tacos Streeterville, LLC**
U.S.D.C. (N.D. Ill.) No. 1:22-cv-3378-SLE
Response to Motion to Compel Arbitration

As alluded to above, the Agreement is essentially a contract of adhesion. Plaintiff was presented with the Agreement on a take-it-or-leave-it basis and was required to sign as a condition of her employment with Defendant. She was not permitted to change or negotiate the terms to her benefit; she simply had to sign or find different employment. *See* Agreement, ECF No 16-1 (titled "*Mandatory* Arbitration Agreement and Class Action Waiver") (emphasis added). While contracts of adhesion are not per se unconscionable, Illinois courts have noted that the disparate bargaining power inherent in these contracts renders them particularly vulnerable to a finding of procedural unconscionability. *Bess v. DirecTV, Inc.*, 381 Ill. App. 3d 229, 238 885 N.E.2d 488, 496 (2008) (citing *Kinkel*, 223 Ill. 2d at 26–27, 857 N.E.2d at 266). *See also Castaldi v. Signature Retail Servs., Inc.*, No. 15-cv-00737-JSC, 2016 U.S. Dist. LEXIS 1911, at *32 (N.D. Cal. Jan. 7, 2016) (applying Illinois law to an arbitration contract: "Taken together, the unequal bargaining power between the parties, the take-it-or-leave-it nature of the contract, the short time period that Plaintiff had to sign and return the agreement, and the fact that it incorporated rules never provided to Plaintiff render the Arbitration Agreement procedurally unconscionable to a limited degree under Illinois law.").

Unequal bargaining power aside, the Agreement is also rife with inconsistencies such that it cannot be enforceable. In fact, the Agreement is unclear as to whom are the agreeing parties because Defendant's name is not in the Agreement *at all*. The Agreement initially refers to "Diza Hospitality" (rather than "Diza Tacos Streeterville, LLC"), then subsequently references a wholly unrelated entity called "Alta Inc." Agreement, ECF No. 16-1. While the latter is likely the result of the sloppy use of "find and replace," it still results in overall perception of confusion and incomprehensibility.

Page 10 of 14
Dynisha Holmes, et al. v. Diza Tacos Streeterville, LLC
U.S.D.C. (N.D. Ill.) No. 1:22-cv-3378-SLE
Response to Motion to Compel Arbitration

Defendant never signed the Agreement, so a reader cannot even divine the name of the employer through that medium.

Under a particularly generous reading, the Agreement could potentially withstand procedural scrutiny, but coupled with the glaring issues of substantive unconscionability described above, these errors only serve to highlight to the unenforceability of the Agreement as a whole. See *Castaldi*, 2016 U.S. Dist. LEXIS 1911, at *32–33 (noting that procedural unconscionability "'is a factor to be considered in combination with' the conclusions on the question of substantive unconscionability") (quoting *Kinkel*, 223 Ill. 2d at 27, 857 N.E.2d at 266).

**D.  The unconscionable terms cannot be severed.**

Courts may sever unconscionable terms from a contract and enforce the remainder so long as the term is not "so closely connected" to the remaining provisions that enforcing the contract without the unconscionable term "would be tantamount to rewriting the [a]greement." *Wigginton v. Dell, Inc.*, 382 Ill. App. 3d 1189, 1198, 890 N.E.2d 541, 549 (2008) (quoting *Abbott-Interfast Corp. v. Harkabus,* 250 Ill. App. 3d 13, 21, 619 N.E.2d 1337 (1993)). "The existence of a severability clause is relevant to this determination, but not dispositive." *Gleike Taxi, Inc. v. Challenger Cab, LLC*, No. 13 CV 6715, 2016 U.S. Dist. LEXIS 49431, at *26-28 (N.D. Ill. Apr. 13, 2016) (citing *Wigginton v. Dell, Inc.*, 382 Ill. App. 3d at 1198, 890 N.E.2d at 549).

Here, the severability of the unconscionable terms is inappropriate for two reasons. First, the Agreement does not contain a severability clause. The presence of a severability clause "indicates that the parties intended for the lawful portions of the contract to be enforced in the absence of the unlawful portions." *Abbott-Interfast Corp.*, 250 Ill. App. 3d

Page 11 of 14
Dynisha Holmes, et al. v. Diza Tacos Streeterville, LLC
U.S.D.C. (N.D. Ill.) No. 1:22-cv-3378-SLE
Response to Motion to Compel Arbitration

at 21, 619 N.E.2d at 1343. Thus, if Defendant is so wholly unconcerned with the enforcement of the remaining provisions of the Agreement as to neglect to include a severability provision, then this Court should likewise decline to concern itself over that enforcement. Second, the Agreement is wholly and exclusively concerned with arbitration between the parties. The term requiring arbitration is not one out of a larger contract, it is the entirety of the Agreement. Striking the unconscionable provisions would negate the whole of the Agreement. *See Wigginton v. Dell, Inc.*, 382 Ill. App. 3d at 1198, 890 N.E.2d at 549. Accordingly, because the unconscionable terms cannot be severed from the remainder of the Agreement, the Court must find the whole of the Agreement unenforceable and deny Defendant's Motion to Compel Arbitration.

E.     **If this Court compels the parties to arbitration, this case should be stayed rather than dismissed.**

Even if this Court determines that the Agreement is enforceable, this case should be stayed. The Federal Arbitration Act does not list dismissal as the appropriate recourse, but instead states that the Court, "upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." *See* 9 U.S.C.S. § 3; *see also Davis v. Fenton*, 857 F.3d 961, 962 (7th Cir. 2017) (If the "parties to a dispute litigable in federal court have a written agreement to arbitrate their dispute, either of the parties is entitled to stay the trial of the action until the arbitration is complete."). When a court grants a stay under 9 U.S.C. §3, "it retains jurisdiction over a matter so that it can effectuate the decision of an arbitrator or handle additional matters or claims that were not subject to

Page 12 of 14
**Dynisha Holmes, et al. v. Diza Tacos Streeterville, LLC**
U.S.D.C. (N.D. Ill.) No. 1:22-cv-3378-SLE
Response to Motion to Compel Arbitration

arbitration." *Kawasaki Heavy Indus., Ltd. v. Bombardier Recreational Prods., Inc.*, 660 F.3d 988, 997 (7th Cir. 2011).

## IV. CONCLUSION

The FAA subordinates itself to state contract law, and Defendant bears the burden of demonstrating that a valid contract was, in fact, entered between the parties. The Agreement Defendant seeks to enforce is so wholly one-sided in Defendant's favor and rife with clear errors such that it is unenforceable under Illinois law and Plaintiff cannot be compelled to arbitration. Therefore, Defendant's Motion to Compel must be denied in its entirety.

    Respectfully submitted,

**DYNISHA HOLMES, Individually
and on Behalf of All Others
Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Joanie Harp*
Joanie Harp
Ark. Bar No. 2020086
joanie@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

Page 13 of 14
Dynisha Holmes, et al. v. Diza Tacos Streeterville, LLC
U.S.D.C. (N.D. Ill.) No. 1:22-cv-3378-SLE
Response to Motion to Compel Arbitration

## **CERTIFICATE OF SERVICE**

I, Joanie Harp, do hereby certify that a true and correct copy of the foregoing document was electronically filed with the Clerk for the U.S. District Court, Northern District of Illinois, on October 7, 2022, using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants, and by email and/or First-Class Mail if non-registrants:

Michael J. Boxerman, Esq.
Míle Knabe, Esq.
MARCUS & BOXERMAN
20 N. Clark Street, Suite 3300
Chicago, Illinois 60602
Telephone: (312) 216-2720
mboxerman@marcusboxerman.com
mknabe@marcusboxerman.com

*/s/ Joanie Harp*
**Joanie Harp**

Page 14 of 14
Dynisha Holmes, et al. v. Diza Tacos Streeterville, LLC
U.S.D.C. (N.D. Ill.) No. 1:22-cv-3378-SLE
Response to Motion to Compel Arbitration