IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DYNISHA HOLMES, Individually and on**            **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.            No. 1:22-cv-3378-SLE

**DIZA TACOS STREETERVILLE, LLC**            **DEFENDANT**

### REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER COMPELLING ARBITRATION

      Defendant asserts that Plaintiff's Motion for Reconsideration must be denied because Plaintiff has not presented new evidence nor raised a legal or factual error to be corrected. In Plaintiff's Response to Defendant's Motion to Compel Arbitration, ECF No. 20, Plaintiff highlighted the many ways that the arbitration agreement at issue is sloppily drafted, unconscionable in its terms, and wholly unenforceable under all precedential and relevant law. These arguments were asserted against the entire agreement, including against the delegation clause. The effect of enforcing the delegation clause is enforcement of the contract's unconscionable terms, and so any argument raised against the unconscionable terms of the overall agreement must be considered as raised against the delegation clause. To hold otherwise is to allow parties to enforce a wholly unconscionable and unenforceable agreement entirely, so long as that agreement contains an unassailable delegation clause.

      The federal "policy favoring arbitration" does not require courts to create special procedural rules that enforce arbitration agreements that would not be enforceable on

Page 1 of 3
Dynisha Holmes, et al. v. Diza Tacos Streeterville, LLC
U.S.D.C. (N.D. Ill.) No. 1:22-cv-3378-SLE
Reply in Support of Motion for Reconsideration

other terms. *Morgan v. Sundance, Inc.*, 142 S. Ct. 1708, 1713-14 (2022). Rather, this policy is designed "to make 'arbitration agreements as enforceable as other contracts, but not more so.'" *Id.* (quoting *Prima Paint Corp.* v. *Flood & Conklin Mfg. Co.*, 388 U. S. 395, 404, n.12 (1967)). "The federal policy is about treating arbitration contracts like all others, not about fostering arbitration." *Id.* Defendant's arbitration agreement does not contain a severability clause, and the contract must be considered as a whole, including its delegation clause. This Court should consider all arguments raised in Plaintiff's Response to Motion to Compel Arbitration as raised against the delegation clause in the arbitration agreement as well as the agreement as a whole.

Respectfully submitted,

**DYNISHA HOLMES, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

Colby Qualls
Ark. Bar No. 2019246
colby@sanfordlawfirm.com

Page 2 of 3
**Dynisha Holmes, et al. v. Diza Tacos Streeterville, LLC**
U.S.D.C. (N.D. Ill.) No. 1:22-cv-3378-SLE
Reply in Support of Motion for Reconsideration

## **CERTIFICATE OF SERVICE**

      I, Josh Sanford, do hereby certify that a true and correct copy of the foregoing REPLY was electronically filed with the Clerk for the U.S. District Court, Northern District of Illinois, on Aril 11, 2023, using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants, and by email and/or First-Class Mail if non-registrants:

    Michael J. Boxerman, Esq.
    Míle Knabe, Esq.
    MARCUS & BOXERMAN
    20 N. Clark Street, Suite 3300
    Chicago, Illinois 60602
    Telephone: (312) 216-2720
    mboxerman@marcusboxerman.com
    mknabe@marcusboxerman.com

                                                   */s/ Josh Sanford*
                                                   **Josh Sanford**

Page 3 of 3
Dynisha Holmes, et al. v. Diza Tacos Streeterville, LLC
U.S.D.C. (N.D. Ill.) No. 1:22-cv-3378-SLE
Reply in Support of Motion for Reconsideration