**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1**
**Eastern Division**

Dynisha Holmes

                   Plaintiff,

v.                                  Case No.: 1:22−cv−03378

                                  Honorable LaShonda A. Hunt

Diza Tacos Streeterville, LLC

                   Defendant.

---

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, June 28, 2023:

      MINUTE entry before the Honorable LaShonda A. Hunt: Plaintiff's Motion for Reconsideration [30] is denied. Although it is unclear whether Plaintiff moves pursuant to Rule 54(b) or 59(e), both are judged by the same standards. See Turner v. M.B. Fin. Bank, 2018 WL 1920195, at *2 (N.D. Ill. 2018) (Rule 54(b) motions "are judged by largely the same standards as motions to alter or amend a judgment under Rule 59(e).") It is well established that [m]otions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence. General Casualty v. United States Government, 2014 WL 4269096, at *1 (N.D. Ill. Aug. 28, 2014) (quoting Conditioned Ocular Enhancement, Inc. v. Bonaventura, 458 F. Supp. 2d 704, 707 (N.D. Ill. 2006)). "A 'manifest error' is not demonstrated by the disappointment of the losing party," instead it is the "'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metropolitan Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000); see also Bilek v. American Home Mortg. Servicing, 2010 WL 3306912, at *1 (N.D. Ill. Aug. 19, 2010). Such motions are only granted where the Court has made an error of apprehension, not of reasoning. Hickory Farms, Inc. v. Snackmasters, Inc., 509 F. Supp. 2d 716, 722 (N.D. Ill. 2007) (citing Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990)). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." Ahmed v. Ashcroft, 388 F.3d 247, 249 (7th Cir. 2004). Because the standards for reconsideration are exacting, the Court of Appeals has stressed that issues appropriate for reconsideration rarely arise and the motion to reconsider should be equally rare. Bank of Waunakee, 906 F.2d at 1191. Here, Plaintiff has not raised any newly discovered evidence or manifest errors of fact. Plaintiff's motion argues that the Court has made a manifest error of law. However, Plaintiff simply reiterates her prior arguments that were already rejected by Judge Ellis. Plaintiff admittedly "raises the same arguments against the delegation clause that she raised against enforcement of the [Arbitration] Agreement in her Response to Defendant's Motion to Compel Arbitration... and requests that the Court reconsider its Order compelling arbitration." (Dkt. 30 at 1−2.) This is precisely the type of rehashing of arguments and attack on a Court's reasoning (as opposed to apprehension) that courts in this District consistently reject in motions for reconsideration. Therefore, the Court denies Plaintiff's motion for reconsideration for failure to meet the applicable standard. The Court orders

the parties to initiate arbitration within 21 days of this order and stays this matter pending resolution of the arbitration proceeding. The parties are ordered to file a joint status report within seven days of the resolution of the arbitration proceeding or on 1/5/24, whichever comes first. Mailed notice. (kl, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.